Dewey, J.
The only question before the Court in this case is
with regard to the time to which the twelve per cent, interest, secured by the bond, is to be computed. The statute provides that it shall be from the rendition of the original judgment, but has no *369 express limitation of the time to which it shall be extended. The bond is given in pursuance of the statute of 1786, c. 66, § 5; and the intention and design of the law will afford the best construction of the bond, in relation to the question to be decided.
* By the statute, either party, if he has not had more [ * 408 ] than one verdict against him, may have his writ of review ; and where there is no stay of execution, no bond is required. But when the verdict is against the defendant, and he is apprehensive that he may lose his money if he pays it over to the plaintiff, he may have a stay of execution, by giving bond, with surety, at the term in which the judgment is rendered, agreeably to the provision of the statute. The twelve per cent, interest, which is to be secured by the bond to the creditor, in case the former judgment shall be wholly, affirmed, is clearly intended to compensate him for the delay he suffers by the review, while it is depending in Court.
When judgment is rendered on the writ of review, the creditor is no further delayed: he may have his execution on the judgment, or his suit on the bond. On this ground, it is very clear that the twelve per cent, interest is to be computed only to the time of the judgment on the review; and if there be a further delay qf payment, six per cent, may be allowed for damages, as in other cases.
Admitting the general rule to be as already stated, the plaintiff contends that the particular circumstances of this case entitle him to claim twelve per cent, interest on the bond beyond the time of the judgment on the writ of the review. And the facts on which he relies for that purpose are, that the defendant, at the time of the judgment, which was October term, 1811, brought his writ of error upon it in the Supreme Court of the United States, and obtained a supersedeas, by filing a bond, agreeably to the provision of the act of Congress in such cases ; and that the writ of error was depending in the Supreme Court of the United States until February last, when the judgment was affirmed. And because the defendant, by his own act, prevented the plaintiff from having his execution on the judgment, while the writ of error was depending, the plaintiff says he ought to have twelve per cent, interest on his bond during that time.
But there is no sufficient reason why a writ of error and a supersedeas, under a law of the United, States, should alter * the construction of a bond to review an action, [ * 409 ] made in pursuance of a statute of this commonwealth.
The two suits, and the bonds given to prosecute them, are entirely distinct and independent of each other. And the inconvenience which the plaintiff has suffered in this case, by the delay of his *370 execution by means of the writ of error, is no consequence of the review; nor is it any greater than it might have been in the case of an original judgment. These circumstances, therefore, make no difference in the case, as to the time to which the twelve per cent, interest is to be computed. It can be allowed only to the time of the judgment upon the writ of review.
B. Whitman for the plaintiff.
Sprout for the defendant.